UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| U.S. EVENTS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DETROIT LIONS, INC.,<br><br>    Defendant, | CASE NO.<br>HON. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, U.S. Events, LLC ("Plaintiff"), by and through undersigned counsel, hereby demands a trial by jury of all claims and issues so triable, and, as for its Complaint for trademark infringement and related claims against Defendant, The Detroit Lions, Inc. ("Detroit Lions") hereby asserts and alleges as follows:

**PARTIES**

1. Plaintiff, US Events, LLC, is a media and entertainment company with its registered office located in Plymouth, Michigan and operated by Carol Marvin.

2. Plaintiff owns the Motor City Muscle Trade Mark (Registration #3524498) (the "Mark" or "Trademark") for Live Musical Concerts.

3. Motor City Muscle is an award-winning, multi-stage, 100+ band, muscle car celebration and major cultural event presented in the heart of the City of Detroit and

1

its downtown community. It is produced by Plaintiff, with the purpose of celebrating the Motor City's historic creation and love of muscle cars and rock music for all people to enjoy. This concert is known locally and nationally.

4. In addition to owning the Mark and hosting this well-known concert, Plaintiff designed and owns the Motor City Muscle trade dress, which consists of a black and blue logo designed to pay homage to the 'M' of MOTOR on a 1950's gas pump and the first Official U.S. Racing Stripe in 1951, the same year the first rock song was created.

5. Upon information and belief, Defendant, Detroit Lions is a Michigan for-profit corporation with its principal office located at 222 Republic Drive, Allen Park, Michigan, 481014.

6. Upon information and belief, Detroit Lions is the corporate entity that owns/operates the Detroit Lions professional football team – one of thirty-two organizations or "clubs" that comprise the National Football League ("NFL") – and all Lions-related trademarks.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.

8. This Court has personal jurisdiction over the Detroit Lions because the Detroit Lions regularly conduct business within the State of Michigan.

9. This District is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

10. U.S. Events, LLC first held a Motor City Muscle event in 2005.

11. U.S. Events, LLC is the owner of the "Motor City Muscle" Trade Mark with the US Registration Number 3524498 as well as the corresponding Trade Dress.

12. The Mark was registered on October 28, 2008 and the first 10 year renewal was registered on November 27, 2017.

13. A Statement of Incontestability was also filed on November 8, 2014.

14. Furthermore, U.S. Events, LLC claims a common law legal interest in the trademark and trade dress. As is noted above, the trademark and trade dress are used in connection with a live music festival that features Rock music and muscle cars as well as the corresponding design and signage for the event.

15. As a result of Plaintiff's work, Motor City Muscle hosted a music festival in 2018, which was featured on the front page of the Detroit Free Press. **Exhibit A**

16. The 2018 Motor City Muscle Festival was hosted in Downtown Detroit and the Motor City Muscle Trade Dress along with the entire theme was featured throughout Campus Martius, the Spirit of Detroit Plaza, and Hart Plaza. **Exhibit B**

17. Following the initial festival, Plaintiff began to plan future events and received additional investments to support the growing Motor City Muscle brand.

18. In April of 2024, the Detroit Lions unveiled new jerseys, specifically, new black alternates, which are themed and promoted under the same name, "Motor City Muscle".

19. The Lions held an event at Ford Field for season ticket holders to announce and promote these jerseys along with the entire theme they planned for the upcoming season. In addition to the live event, the Lions posted several videos to the team's social media accounts.

20. Not only did the Lions use the exact same color scheme and striping as the Motor City Muscle trade dress for their jerseys, but they directly copied Plaintiff's Trademark and hosted a live event featuring rock music and muscle cars to announce these jerseys.[1] As is shown in the video, the new jersey was unveiled when a Lions player walked out of a garage door with a "Motor City Muscle" sign on it, a muscle car parked next to it, and rock music playing.

21. The Detroit and national media shared several posts to unveil and promote their season theme and jerseys. **Exhibit C**

---

[1] https://x.com/jeannatrotmantv/status/1781128095019250149?s=43&t=o_x-3H0EnKj1hQoP5LBH0Q

4

22. In October of 2024, Plaintiff sent a Cease and Desist Letter (**Exhibit D**) to the Detroit Lions outlining the Detroit Lions intentional infringement upon the Trademark and Trade Dress.

23. Plaintiff explained that the Detroit Lions intentional infringement creates the false impression that the Detroit Lions owned or purchased the Motor City Muscle brand. In fact, Plaintiff was approached by media outlets and other business partners asking whether the Detroit Lions now owned this brand.

24. The Detroit Lions ignored this letter.

25. The Detroit Lions debuted the jerseys and entire theme on September 30th for their **nationally televised** Monday Night Football game against the Seattle Seahawks.

26. Following this game, the Detroit Lions own Creative Director, Ashley Strauss, posted the following, which shows the Detroit Lions intended to use Motor City Muscle as an entire "theme", not just an alternate jersey:



27. In addition to the Monday Night Football debut, the Detroit Lions also:

   a. Wore the Motor City Muscle jerseys for a home game against the Buffalo Bills on December 15, 2024. This was another nationally televised game and Lions social media promoted the jerseys prior to the game to garner attention. In addition to the jerseys, the Lions also completely redesigned Ford Field for this game, by hanging black and blue Motor City Muscle banners and re-painting the end zones. The entire theme used by the Lions was indistinguishable from Motor City Muscle signage and promotions used throughout the City of Detroit by Plaintiff.

   b. On January 5, 2025, the Lions once again wore the Motor City Muscle jerseys for the final regular season game against the Vikings. Prior to the game, the potential use of this jersey was teased by Lions social media and official Lions accounts changed their branding to promote these jerseys. Furthermore, the Detroit Lions once again changed Ford Field to the Motor City Muscle theme, which mirrored Plaintiff's trade dress and branding.

28. The Detroit Lions stole Plaintiff's established branding to rally its' fan base.

29. Plaintiff sent a second Cease and Desist Letter to the Detroit Lions in February of 2025 (**Exhibit E**), which was also ignored.

30. In September of 2025, Plaintiff made one final attempt to reach out to the Detroit Lions to request that they cease and desist their intentional infringement upon Plaintiff's property.

31. Despite multiple attempts to resolve the Detroit Lions' intentional infringement, the Detroit Lions continued to wear their " Motor City Muscle" Jerseys and use the Motor City Muscle theme to redesign Ford Field for:

    a. The October 20, 2025 Monday Night Football Game, which included banners outside the stadium and promotion from the Lions' social media team;

    b. The November 23, 2025 game; and

    c. The Lions promoted their Thanksgiving Day halftime with a blatant use of Plaintiff's branding and trade dress.

32. On top of the Detroit Lions intentional use of Motor City Muscle's trade dress and Mark, they have also sold merchandise using Plaintiff's trade dress, sold the "Motor City Muscle" jerseys, and even partnered with local distilleries to release "Grit City Vodka" (**Exhibit F**) with bottles containing Plaintiff's black and blue striped theme.

33. In other words, not only have the Detroit Lions used Plaintiff's Mark and trade dress in order to promote their brand, but the Lions have also very clearly profited off of their use of Plaintiff's property.

## **COUNT I: TRADE MARK INFRINGEMENT**

34. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

35. The Detroit Lions use of Plaintiff's Mark, a live music event featuring rock music, muscle cars, and Motor City Muscle signage to announce new jerseys has created confusion, deception, and mistake by creating the false and misleading impression that the Detroit Lions partnered with or purchased Plaintiff's Mark and brand.

36. The Detroit Lions further use of Plaintiff's Mark and branding to promote nationally televised NFL games and halftime shows is a continued infringement upon Plaintiff's Mark, which creates confusion, deception, and mistake by creating the false and misleading impression that the Detroit Lions partnered with or purchased Plaintiff's Mark and brand.

37. The Detroit Lions have used Plaintiff's Mark in violation of 15 U.S.C. § 1114 and these actions have caused and will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff's goodwill and reputation, for which Plaintiff has no adequate remedy at law.

38. The Detroit Lions actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Mark, which has caused irreparable harm to Plaintiff's brand and business.

39. The Detroit Lions have caused and are likely to continue causing substantial injury to the public and to Plaintiff; therefore, Plaintiff is entitled to injunctive relief and to recover the Detroit Lions profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II: TRADE DRESS INFRINGEMENT

40. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

41. The Detroit Lions use of a confusingly similar imitation of Plaintiff's trade dress is likely to cause confusion, deception, and mistake by creating the false and misleading impression that creates the false impression that the Lions own or bought the Motor City Muscle brand.

42. In fact, Plaintiff has been approached by media outlets and other business partners asking whether the Lions are now affiliated with or own this brand.

43. The Lions actions intentionally deceive Motor City Muscle's partners and are in violation of 15 U.S.C. § 1114. The Detroit Lions activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and

9

deception of members of the trade and public, and, additionally, injury to Plaintiff's goodwill and reputation, for which Plaintiff has no adequate remedy at law.

44. The Detroit Lions actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's trade dress to Plaintiff's great and irreparable harm.

45. The Detroit Lions caused and are likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover the Detroit Lions' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT III: UNFAIR COMPETITION

46. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

47. The Detroit Lions use of a confusingly similar imitation of the trade mark and trade dress is likely to cause confusion, deception, and mistake by creating the false and misleading impression that creates the false impression that the Lions own or bought the Motor City Muscle Mark and brand.

48. The Detroit Lions have made false representations, false descriptions, and false designations of, on, or in connection with its goods in violation of 15 U.S.C. § 1125(a). The Detroit Lions activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the

10

trade and public, and, additionally, injury to Plaintiff's goodwill and reputation, for which Plaintiff has no adequate remedy at law.

49. The Detroit Lions actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's trade mark and trade dress to Plaintiff's great and irreparable harm.

50. The Detroit Lions caused and are likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover the Detroit Lions' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT IV: TRADEMARK DILUTION

51. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

52. As a result of Plaintiff's work, Motor City Muscle has become a nationally recognized event/brand that embodies the "great spirit of the Motor City".

53. The Detroit Lions are making use in commerce of Plaintiff's Mark, which dilutes and is likely to dilute the distinctiveness of Plaintiff's Mark by eroding the public's exclusive identification of the Mark with Plaintiff's brand and event, and otherwise lessening the capacity of the Mark to identify and distinguish Plaintiff's event.

54. The Detroit Lions actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Mark causing irreparable harm to Plaintiff.

55. The Detroit Lions have caused and will continue to cause irreparable injury to Plaintiff's goodwill and business reputations, and dilution of the distinctiveness and value of Plaintiff's Mark in violation of 15 U.S.C. § 1125(c). Plaintiff therefore is entitled to injunctive relief and to the Detroit Lions' profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

## COUNT V: TRADE DRESS DILUTION

56. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

57. As a result of Plaintiff's work, Motor City Muscle has become a nationally recognized event/brand that embodies the "great spirit of the Motor City".

58. The Detroit Lions are making use in commerce of the trade dress and the entire theme of the Motor City Muscle Event, which dilutes and is likely to dilute the distinctiveness of Plaintiff's trade dress by eroding the public's exclusive identification of this trade dress with Plaintiff, and otherwise lessening the capacity of the trade dress to identify and distinguish Plaintiff's event and associated merchandise.

59. The Detroit Lions actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's trade dress to Plaintiff's great and irreparable harm.

60. The Detroit Lions have caused and will continue to cause irreparable injury to Plaintiff's goodwill and business reputations, and dilution of the distinctiveness and value of Plaintiff's trade dress in violation of 15 U.S.C. § 1125(c). Plaintiff therefore is entitled to injunctive relief and to the Detroit Lions' profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

## COUNT VI: UNFAIR AND DECEPTIVE TRADE PRACTICES

61. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

62. The Detroit Lions have been passing off the Motor City Muscle theme and event type atmosphere as its' own marketing creativity causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of the Detroit Lions' goods, causing a likelihood of confusion as to the Detroit Lions' affiliation, connection, or association with Plaintiff, and otherwise damaging the public.

63. The Detroit Lions' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce.

13

64. The Detroit Lions unauthorized use of a confusingly similar imitation of Plaintiff's trade dress and trade mark has caused and is likely to cause substantial injury to the public and to Plaintiff.

65. Plaintiff, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

## COUNT VII: COMMON LAW TRADEMARK INFRINGEMENT

66. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

67. The Detroit Lions' actions constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Plaintiff. Plaintiff has no adequate remedy at law for this injury.

68. The Detroit Lions acted with full knowledge of Plaintiff's use of and statutory and common law rights to, Plaintiff's trade mark and without regard to the likelihood of confusion of the public created by the Detroit Lions' activities.

69. The Detroit Lions actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's trade mark to the great and irreparable injury of Plaintiff.

70. As a result of the Detroit Lions' acts, Plaintiff has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Plaintiff is entitled to

injunctive relief, to an accounting of the Detroit Lions profits, damages, and costs associated with the use of the trade dress.

71. Further, in light of the deliberate and malicious use of a confusingly similar imitation of the trade mark, and the need to deter the Detroit Lions from engaging in similar conduct in the future, Plaintiff additionally is entitled to punitive damages.

## COUNT VIII: COMMON LAW TRADE DRESS INFRINGEMENT

72. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

73. The Detroit Lions' acts constitute common law trade dress infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Plaintiff. Plaintiff has no adequate remedy at law for this injury.

74. The Detroit Lions acted with full knowledge of Plaintiff's use of and statutory and common law rights to, Plaintiff's trade dress and without regard to the likelihood of confusion of the public created by the Detroit Lions' activities.

75. The Detroit Lions actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's trade dress to the great and irreparable injury of Plaintiff.

76. As a result of the Detroit Lions' acts, Plaintiff has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Plaintiff is entitled to

injunctive relief, to an accounting of the Detroit Lions profits, damages, and costs associated with the use of the trade dress.

77. Further, in light of the deliberate and malicious use of a confusingly similar imitation of the trade dress, and the need to deter the Detroit Lions from engaging in similar conduct in the future, Plaintiff additionally is entitled to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Detroit Lions be ordered to:

1. Cease and desist from all further use of Motor City Muscle's trade mark, trade dress, marketing, and other designations likely to cause confusion with or dilution of the trade dress and advertising;

2. Provide U.S Events, LLC and Motor City Muscle with sufficient information to determine the full amount of the Detroit Lions gross revenues and profits derived from its use of the infringing presentation and trade mark and trade dress;

3. Abandon all pending applications to register conflicting marks, if any;

4. Reimburse U.S Events, LLC and Motor City Muscle for damages related to investors cancelling deals due to the confusion created by the Detroit Lions as to who owns the Motor City Muscle trade mark and trade dress;

5. Award Plaintiff all costs and attorney fees that it was forced to incur by the Detroit Lions intentional infringement; and

16

    6.   Award any other relief that this Court deems appropriate.

Respectfully submitted,

KITCH ATTORNEYS &
COUNSELORS, P.C

By: *Paul Wilk Jr*_____
Carina Kraatz (P73773)
Paul Wilk Jr. (P83691)
One Woodward Avenue, Suite 2400
Detroit, MI  48226-5485
*Attorneys for Plaintiff*

Date: December 19, 2025